## Lasley, for, &c. *vs* Blakeman.

APPEAL FROM THE GREEN CIRCUIT.

*Wills.  Appointment.  Children.*

DETINUE.

*Case* 107.

JUDGE BRECK delivered the opinion of the Court.

June 8.

Case stated.

THE last will of John Robinson contains the following provision:

"I bequeath to my said wife a negro woman called
"Cilla and her two children, Henry and America, also
"a negro boy called George, during her life or until the
"day of her marriage.  After my decease I direct that
"America, a negro girl, and all Cilla's offspring here-
"after, may be given by my wife to any of my children

"she thinks is most in need at her death or second mar-
"riage."

In the will of the wife, she having survived the hus-
band, is this provision:

"I give and bequeath unto my daughter, Tamer Ab-
"ney, my negro girl named Maria, during her natural
"life, and at her death, I give and bequeath the said Ma-
"ria to my grand-daughter, Gertrude Abney, to her and
"her heirs forever."

Maria was the daughter of Cilla, and born after the

*Question arising upon the record.* date of John Robinson's will, and the only question for
our determination is whether Maria, after the death of
Tamer Abney, passed to her daughter, Gertrude, under
the will of her grand-mother.

Under the will of John Robinson, his wife became

*Where a devise is made to one, for life, with power to give, by deed or will, to such of devisors children as might be deemed most in need—held that this power must be strictly executed, and did not give to the appointee the right to give to one of devisors children an estate for life, with remainder, to a grand-child, and that the attempt to give a life estate, by a will, to one of devisors children, was a designation of the needy child, and passed to such child the fee.* entitled to Maria, as one of the after born children of
Cilla, during her life or widowhood. The will also gave
her an express but limited power of appointment as to
Maria. The power to appoint did not change or enlarge
the interest of the wife beyond that expressly given her
by the will. She could not, therefore, make any dispo-
sition of Maria by will, except in virtue of the appoint-
ing power under the will of her husband; and in the
exercise of that power, she was restricted to his children.
He, in effect, devises *the offspring* of Cilla to such of his
children as his wife might designate as being most in need
at her death. The designation or appointment might be
made by will or deed, but must be confined to his chil-
dren. She appoints by last will and testament, and se-
lects Tamer Abney as the child most in need, or such it
may be presumed was her opinion, from the fact of her
situation.

Having thus selected her daughter, Abney, had she any
authority to limit her interest in Maria to a mere life es-
tate?

We are very clearly of the opinion she had not, and
that the devise over to her grand-daughter, in fee, was
void. The term, *children*, as used in the will of John
Robinson, in the provision in question, should not be
construed as including grand-children. The selection

and devise to Mrs. Abney, we are of opinion, passed to her the title, in fee, to the slave, Maria.

Devises, giving a power of appointment, should be strictly executed: *Cowper*, 260, (5 *Term Rep.* 567.)

The fact that Mrs. Abney and her husband, often spoke of Maria and her children as belonging to their daughter, Gertrude, at the death of her mother, under the will of her grand-mother, can have no influence upon the law of this case. Such declarations could not enlarge the power of appointment in Mrs. Robinson, nor give any additional efficacy to her will, nor did they vest in Gertrude any title or interest in Maria and her children.

The instruction of the Court below having been in conformity with the view we have taken, we perceive no error in the judgment.

Wherefore the judgment is affirmed.

*Harlan & Craddock* for appellant: *B. & A. Monroe* for appellee.